RECEIVED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LASHAWN WASHINGTON,

**Plaintiff,**

Case No. 8:20-cv-853-T-60SPF

v.

**HILLSBOROUGH COUNTY COMMISSION,**

**Defendant.**

---

## PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER

LaShawn Washington, pursuant to Rule 65 of the Federal Rules of Civil Procedure, moves the Court for entry of a Temporary Restraining Order (TRO) and Preliminary Injunction enjoining defendant Hillsborough County Commission ("the County"), and all persons acting on its behalf, from imposing a curfew, restricting movant of Florida citizens that reside in Hillsborough County, or that reside outside of the County, pending entry by the Court of a final judgment in this action. This motion is based on the following grounds:

1. The Governor of the State of Florida imposed a safe-from-home statewide order, narrowly applied to certain nonessential businesses. Under the order, citizens voluntarily stay at home, pending the reopening of the economy, without further restriction as to their individual rights to property, right to privacy, freedom of association and assembly in their homes and religious institutions, and right to use interstate travel, etc.

2. The President of the United States announced the Corona Virus (hereinafter "COVID-19") related cases and deaths had peaked or leveled in the nation's hotspots. The President announced that he anticipated reopening the economy and the country.

3. At all relevant times, the State of Florida cases and deaths have been flat or relatively low, along with 38 other states in the USA. The Governor of the State of Florida announced similar plans to reopen the Florida economy, and had not at any time

imposed a statewide curfew or unreasonable restraints to infringe or impose orders, regulations, rules or laws to interfere with the federal and Florida Constitutions.

4. On April 13, 2020, the Emergency Policy Group of the Hillsborough County Commission passed a regulation in a 5-3 vote to impose a curfew in Hillsborough Country from 9:00 PM to 5:00 AM, effective April 13, 2020, the same date as the vote. This regulation was passed with no data to inform such decision in the way of crime statistics, impact on interstate travel, etc. This regulation was not published or promulgated to give the citizens of Hillsborough Country, the State of Florida, or the United States, notice and an opportunity to object to an unconstitutional restraint— wherein the law has no rational basis to its objective or whose objective could reasonably be achieved through less strict or harsh means.

5. The County's action spits in the face of the citizens of Hillsborough County and its surrounding regions to suggest that the voluntary sacrifices and mitigation made by county and non-county residents for more than a month to slow the spread of COVID-19 is worthless. The County's action is an unconstitutional exercise of government power and cannot be rationally or reasonably applied.

6. Unless enjoined by this Court, Defendant may destroy, dispose of, or cease the constitutional freedoms of Individual Rights, Equal Protection of the Laws of Florida/ USA citizens. Unless enjoined by this Court, Defendant will trample over the Interstate Commerce Clause and the Dormant Commerce Clause. With the Florida cases and deaths from COVID-19 compared to overall morbidity in Florida and Hillsborough County cases and deaths, the curfew is overbroad and exceeds the County's constitutional powers. Other viruses or infections with higher numbers in a short span of time, similar to COVID-19, has not resulted in even a proposal nor passage of a curfew. Therefore, it can be safely said that the Florida legislature and its governance structure did not intend such an exercise of power.

7. In filing this motion on an emergent basis, Plaintiff has not yet served the defendant county a copy of this motion for a TRO.

8. Based on the above, Plaintiff states there is a substantial likelihood of success and that Plaintiff can establish facts, data, and supporting affidavits at trial to ultimately prevail on the merits of the claim. Plaintiff has listed the certain irreparable nature in allowing the County to impose an excessive constraint on movement, that have already been achieved by less restrictive or harsh means. The nature of the irreparable harm to individual rights and non-Hillsborough County residents as a result of the statewide and local lockdowns is already a "slippery slope" that the U.S. Attorney General has called "draconian" and stated may be "unconstitutional" and must be addressed by the courts. The potential harm to Florida citizens and the abridgment of rights under the Florida Constitution cannot be reconciled by this governmental exercise of unlawful power. Public interest and public policy demand that this curfew order by the County be struck down as unconstitutional on its face and in its application.

9. A TRO is necessary to preserve the status quo, to prevent the irreparable injury to the public that would result to render effective relief if the Plaintiff prevails at trial. Plaintiff would have no adequate remedy at law, and this Court's ability to fashion effective relief would be significantly impaired, if the County proceeds to impose a curfew that would severely fine citizens that have lost their jobs and livelihood, arrest and imprison Florida citizens for movement that has been at all relevant times, even under the most oppressive and difficult times, to be lawful. The County action is draconian, shameful, and unconstitutional amidst the takings of private property through lockdowns and the constraints on constitutional freedoms.

10. Any harm to Defendant from enjoining the curfew would be outweighed by the rights of Florida citizens and more specifically Hillsborough County residents and non-residents, to freedoms guaranteed them under the federal and Florida Constitutions.

11. Therefore, granting the requested preliminary relief will serve the public interest. The overbroad action by the County is against the public interest.

12. This Court has authority to issue the requested preliminary relief.

13. Plaintiff respectfully requests that she be allowed to proceed in forma pauperis, without a fee or posting a bond as a prerequisite to the issuance of an injunction.

**WHEREFORE**, the Plaintiff prays that the Defendant and all persons acting on its behalf be enjoined from imposing a curfew, pending entry by the Court of a final judgment in this action.

April 14, 2020

Respectfully submitted,

*LaShawn Washington*
LaShawn Washington,
5205 79th Street
Tampa, FL 33619
(813) 677-1949