# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LASHAWN WASHINGTON,

    Plaintiff,

v.                                                                                          Case No. 8:20-cv-853-T-60SPF

HILLSBOROUGH COUNTY
COMMISSION,

    Defendant.
_____/

## ORDER DENYING "PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER;" AND

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS*

This matter is before the Court on "Plaintiff's Emergency Motion for a Temporary Restraining Order," filed *pro se* on April 14, 2020. (Doc. 1). After reviewing the motion, court file, and the record, the Court finds as follows:

## Background

On March 11, 2020, the World Health Organization characterized COVID-19, also known as the novel coronavirus, as a pandemic. Two days later, on March 13, 2020, the President of the United States officially declared a national emergency due to the virus. Since then, numerous state and local governments – including the State of Florida and Hillsborough County – have taken actions to stop the spread of the virus, including declaring a state of emergency, imposing safer-at-home orders, and directing the closure of non-essential businesses.

On April 13, 2020, Hillsborough County imposed a mandatory curfew order, which goes from 9:00 p.m. to 5:00 a.m. Plaintiff filed the instant motion on April 14, 2020, seeking a temporary restraining order ("TRO") to enjoin Defendant Hillsborough County Commission, and all persons acting on its behalf, from imposing and enforcing a curfew in Hillsborough County pending the entry of a final judgment in this action. (Doc. 1). Plaintiff alleges that the curfew order violates the constitutional rights of Hillsborough County residents and non-residents, has no rational basis, and its objective could be achieved through less restrictive means. Plaintiff argues that there is a substantial likelihood of success on the merits, and that she and other residents and non-residents will suffer irreparable injury if the curfew order is permitted to stand. Although she filed the instant motion, Plaintiff has not yet filed a complaint.

## **Legal Standard**

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in limited emergency circumstances. *See* Fed. R. Civ. P. 65(b); M.D. Fla. Local Rule 4.05. A motion seeking a temporary restraining order "must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." M.D. Fla. Local Rule 4.05(b)(2).

## Analysis

Although the TRO motion is facially insufficient as a matter of procedure, the Court will address the motion substantively in the interest of justice.[1]  Upon review, the Court finds that Plaintiff has failed to meet her burden because she has not sufficiently demonstrated that there is any "imminent" or "immediate" harm about to occur that would require the issuance of a TRO.  Plaintiff only generally refers to the violation of "constitutional rights" but does not identify any specific constitutional rights under either the United States Constitution or Florida Constitution that are being violated or would be violated by the imposition and enforcement of the curfew order.  Because Plaintiff has not sufficiently identified the alleged constitutional violations, the Court is unable to presume the irreparable nature of the harm.

Additionally, Plaintiff has failed to allege any *specific facts* that demonstrate that she would suffer irreparable injury absent the Court's intervention.  The allegations of the TRO motion are vague and conclusory, and the failure to sufficiently plead irreparable harm is notable in light of the exceptions carved out in the curfew order, including going to the grocery store, pharmacy, and traveling to or from another essential activity during curfew hours.

---

[1] The Court notes that both the Federal Rules of Civil Procedure and Local Rules require that a proposed order be submitted with a TRO motion.  *See* Fed. R. Civ. P. 65(b), (d); M.D. Fla. Local Rule 4.05(b)(3)(iii).  However, Plaintiff has not submitted a proposed order.  In addition, the Court may only issue a TRO if the movant gives security in an amount that the Court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoyed or restrained.  Although Plaintiff requests to be allowed to proceed without posting a bond, she has not provided any argument or documentation that demonstrates an entitlement to relief.

Moreover, Plaintiff has failed to plead or demonstrate that notice and a hearing on her motion is impractical if not impossible. Plaintiff does not detail any efforts made to give notice of the TRO motion to Defendant, and she does not provide any reasons why notice should not be required. Absent a showing of emergency, the Court is not able to address Plaintiff's allegations without input from Defendant.

Because Plaintiff has failed to meet the high burden for the issuance of a TRO, "Plaintiff's Emergency Motion for a Temporary Restraining Order" must be denied. Although Plaintiff is not entitled to a TRO, the Court notes that it would entertain a motion for preliminary injunction after Defendant is served with a complaint and a copy of any such motion and given an opportunity to respond.

### **Request to Proceed *In Forma Pauperis***

In her TRO motion, Plaintiff requests that she be allowed to proceed *in forma pauperis*. An individual may commence a civil action in a federal court "without paying the administrative costs" if she "submits an affidavit that includes a statement of all assets [she] possesses" showing an inability to pay such fees. 28 U.S.C. § 1915(a)(1); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). Motions to proceed *in forma pauperis* will only be granted if a movant, due to indigency, can show she is unable "to support and provide necessities" for herself and her dependents while paying for court costs. *See Crossley v. Armstrong Homes, Inc.*, No. 5:14-cv-636-Oc-30PRL, 2014 WL 12617584, at *1 (M.D. Fla. Dec. 4, 2014).

In this case, Plaintiff has not yet filed a complaint and has failed to provide any financial information to support her request to proceed without costs. Consequently, her request to proceed *in forma pauperis* is denied without prejudice. Along with a copy of her complaint, Plaintiff may file a separate motion – attaching the required financial information – if she wishes to proceed without costs in this action.

It is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Plaintiff's Emergency Motion for a Temporary Restraining Order" (Doc. 1) is hereby **DENIED**. Although Plaintiff is not entitled to a TRO, she is not precluded from filing a motion for preliminary injunction.

(2) Plaintiff's request to proceed *in forma pauperis* (Doc. 1) is **DENIED WITHOUT PREJUDICE**. Along with a copy of her complaint, Plaintiff may file a separate motion – attaching the required financial information – if she wishes to proceed without costs in this action.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>14th</u> day of April 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**